Tormu E. **PRALL**, Plaintiff–Appellant,

v.

**HARTFORD PROSECUTORS**, Superior
Court Judge, Department of Correc-
tions, John and Jane 1–99 Does, John
and Jane 1–99 Roes, John and Jane 1–
99 Moes, Defendants,

James E. Thomas, Cathryn Krinitsky,
Stephen J. Miele, Defendants–
Appellees.

No. 11–4135.

United States Court of Appeals,
Second Circuit.

Sept. 20, 2012.

Tormu E. Prall, Trenton, NJ, pro se.

Robert B. Fiske, III, Assistant Attorney
General, Office of the Attorney General,
State of Connecticut, Hartford, CT, for
Appellees.

Present: GUIDO CALABRESI,
ROBERT A. KATZMANN, SUSAN L.
CARNEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Tormu E. Prall, pro-
ceeding *pro se,* appeals from the district
court's decision to award summary judg-
ment in favor of the Defendant–Appellees
and to dismiss his 42 U.S.C. § 1983 claims.
We assume the parties' familiarity with the
underlying facts, the procedural history of
the case, and the issues on appeal.

This Court reviews orders granting
summary judgment *de novo* and focuses on
whether the district court properly con-
cluded that there was no genuine issue as
to any material fact and that the moving
party was entitled to judgment as a matter
of law. *See Miller v. Wolpoff & Abram-
son, LLP,* 321 F.3d 292, 300 (2d Cir.2003).
In determining whether there are genuine
issues of material fact, the Court must
resolve all ambiguities and draw all per-
missible inferences in favor of the non-
moving party. *See Nationwide Life Ins.
Co. v. Bankers Leasing Ass'n,* 182 F.3d
157, 160 (2d Cir.1999) (citing *Cronin v.
Aetna Life Ins. Co.,* 46 F.3d 196, 202 (2d
Cir.1995)). Summary judgment is appro-
priate "[w]here the record taken as a
whole could not lead a rational trier of fact
to find for the non-moving party." *Matsu-
shita Elec. Indus. Co. v. Zenith Radio
Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89
L.Ed.2d 538 (1986).

On appeal, Prall does not challenge the
district court's dismissal of his claims re-
garding the alleged violation of state and
federal criminal statutes, and he has there-
fore abandoned any such arguments. *See
LoSacco v. City of Middletown,* 71 F.3d 88,
92–93 (2d Cir.1995). As to the remainder

of his claims, after an independent review of the record and relevant case law, we conclude for substantially the reasons articulated by the district court in its well-reasoned order that the district court properly granted summary judgment to the defendants and dismissed Prall's complaint.

We have considered Prall's arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED,** and Prall's "motion for rule 2 relief" is **DENIED.**